————o————

ANTON HEMBROCK, Appellant, *vs.* HENRY STARK, Respondent.

1. *Landlord and tenant—Attachment—Counter-claim for damages growing out of.*—In an action by attachment under the Landlord and Tenant Act for rent defendant set up in defense an agreement of plaintiff to release him from all, rent in arrears, if he would surrender possession before the expiration of his term ; and to take care of what property he might leave on the place. *Held*, that defendant, having vacated the premises as agreed, might set up the contract in bar of plaintiff's claim for rent; but could not set up a counter-claim for damages caused by levy of the attachment upon his property remaining on the premises.

His remedy for damages growing out of the attachment was by suit on the attachment bond.

*Appeal from St. Charles Circuit Court.*

*B. B. Kingsbury*, for Appellant.

I. The court erred in not sustaining the motion of appellant to strike out the defense of the counter-claim. (2 W. S., 1016, § 13; Holzbauer vs. Heine, 37 Mo., 443; Kinney vs. Miller, 25 Mo., 576.)

*W. A. Alexander*, for Respondent.

I. Plaintiff violated his contract to release, and Stark had a right to set up the release contract in his answer, by way of counter-claim, and recover in this suit whatever damages he suffered by reason of Hembrock's violation of his said release agreement. (Reed vs. Chubd, 9 Iowa, 178; 10 Iowa, 23; Reed vs. Samuel 22 Tex., 114.)

ADAMS, Judge, delivered the opinion of the court.

The plaintiff brought an action by attachment under the Landlord and Tenant Act, for rent.

The defendant by answer denied all the material allegations of the petition, and as a further defense and counter-claim set up, that the plaintiff had released him from the payment of the alleged rent under and by virtue of an agreement with him, that if the defendant would surrender the possession of the farm before his time expired, the plaintiff would discharge him from payment of any rent in arrear or unpaid. And the answer further alleges, that it was a part of the agreement, that the plaintiff was to take care of what property might be left on the place belonging to defendant; and the answer further charges, that the plaintiff violated his agreement, by suing out this attachment and causing it to be levied on defendant's property left on the farm, and causing the same to be sold under the proceedings in the attachment suit; that the property sold was worth five hundred dollars, and that the plaintiff thereby converted the same to his own use; and the defendant claimed judgment for the amount of said property by way of counter-claim The plaintiff filed a motion to strike out the alleged release and

counter-claim, but the court overruled this motion, and the plaintiff excepted. He then replied to the new matter and counter-claim set up in the answer. The case was submitted to a jury and upon the trial each party gave evidence tending to prove the issues on his part. The court at the instance of the defendant gave an instruction to the effect, that if the jury found for him, they must assess his damages at the amount of the proceeds of the sale of his property under the attachment. The plaintiff objected to this instruction, and excepted to the ruling of the court in giving the same. The jury found for defendant, and assessed damages in his favor at the amount of the sale of his property under the proceedings in attachment. The plaintiff filed a motion for a new trial which was overruled, and he excepted, and has brought the case here by appeal. The only material point presented by this record is the action of the court in refusing to strike out any part of the defendant's answer, and in declaring to the jury, that they might allow the defendant damages by way of counter-claim for the amount of the sale of his property in the pending attachment.

The defendant had no right under the alleged agreement with the plaintiff to be allowed these damages by way of counter-claim. If he was damaged by the attachment, he cannot set up such damages as a counter-claim. His remedy for damages growing out of the attachment is by suit on the attachment bond. The plaintiff's attachment, when levied, placed the property of the defendant in the custody of the law. The money, arising from the sale of the attached property during the pendency of the attachment, took the place of the property to abide the final result of the attachment suit. The money was the defendant's, subject however to the proceedings in the attachment. If the suit resulted in his favor as it did, this money must be paid over to him. But was he entitled to recover the amount of the sales of the property as a counter-claim, and also to receive the same money from the officer who held it to abide the final result? The agreement to discharge the defendant from payment of

rent constituted a bar to the plaintiff's right of recovery ; but that part of the answer setting up the damages growing out of the attachment as a counter-claim should have been stricken out.

For the same reason the instruction directing the jury to allow these damages in favor of the defendant was erroneous.

It was no breach of the plaintiff's obligation to take care of the defendant's property to levy this attachment. The levy only placed it in the custody of the law. If the property was sacrificed by the attachment sale, the damage to the defendant resulted from the attachment, and not from a breach of plaintiff's obligation to keep the property.

The judgment must be reversed and the cause remanded ; the other Judges concur.