Carver v. Shelly.

IRA L. CARVER v. JAMES SHELLY & CO.

1. APPEARANCE; JURISDICTION; *What is General Appearance.* A voluntary appearance of a party to an action, which recognizes the general jurisdiction of the court, or which is not made for the special purpose of contesting the jurisdiction of the court, or for any other special purpose, will be construed to be general appearance in the case, and will be held to give the court general jurisdiction in the case over such party.

2. DAMAGES IN ATTACHMENT PROCEEDINGS; *Set-off; Attachment-Bond.* Where a plaintiff at the commencement of an action obtains an order of attachment, which order is afterward levied on the defendant's goods, and then the attachment is dissolved on motion of defendant, the defendant cannot, in the same suit, and without mentioning the attachment-bond in his pleading, have any damage sustained by him on account of said attachment set-off against the plaintiff's claim.

*Error from Saline District Court.*

SHELLY & Co., as plaintiffs, had judgment against *Carver*, at the June Term 1875 of the district court, for $234.15, and costs. *Carver* brings the case here on error.

*John Foster,* and *Gill & Reed,* for plaintiff in error.

*T. F. Garver,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on an account for goods sold and delivered. The action was commenced before a justice of the peace, where judgment was rendered in favor of the plaintiffs, (defendants in error.) The defendant ( plaintiff in error,) took the case to the district court on petition in error, where the judgment of the justice was affirmed. The defendant now as plaintiff in error brings the case to this court, and asks to have both the judgment of the district court and the judgment of the justice reversed. Only two questions are presented in this court: 1st, Was the judgment of the justice rendered without that court having sufficient jurisdiction of the defendant? 2d, Did the justice err in refusing to allow the defendant to plead and prove his set-off?

I. The action was commenced on February 5th 1875. A summons and order of attachment were issued, and both served on that day. The service of both would seem to be regular, from the face of the returns made by the officer. As to the summons, the officer returns that he served the same "by delivering a certified copy of the same to the defendant on the 5th day of February 1875, with all the indorsements thereon." On the same day the defendant appeared in the case, and moved the court to dissolve the attachment. The grounds for this motion were, that the matters and things set forth in the plaintiffs' affidavit as grounds for their attachment were not true in fact. On the next day this motion was heard by the court, on oral testimony, both parties appearing, and the justice found that the grounds set forth in the plaintiffs' affidavit for the attachment were not true in fact, and thereupon the justice dissolved the attachment. On the day set for the trial of the cause the defendant appeared specially, and moved the court *to dismiss the action* on the ground that he had not been served with summons. This motion was heard on affidavits, and oral testimony—the plaintiff appearing generally, and the defendant specially. From the evidence introduced it would seem that the defendant had been served with summons, but that the service was irregular. The officer showed the defendant a copy of the summons, and the defendant said it "was all right," and probably took hold of it, but the constable inadvertently put it back in his pocket, and kept it. If a motion had been made *to set aside the service*, before the defendant made any other appearance in the case, probably such a motion should have been sustained. The justice overruled said motion *to dismiss the action*. The defendant then moved the court for an adjournment of the trial of the case, for thirty days, on the ground of the absence of material testimony which he had been unable to procure; and he supported his motion by affidavit. The court sustained the motion, and granted the adjournment. The defendant then filed his bill of particulars. This bill of particulars did not set forth merely a defense to the

31—17 KAS.

plaintiffs' cause of action, but it went beyond defenses, and even beyond counterclaims, and ·set up a cause of action, wholly independent of the plaintiffs' cause of action, and in favor of the defendant and against the plaintiffs. This cause of action of the defendant's was in the nature of an action for "malicious prosecution" against the plaintiffs, for "falsely, wantonly, maliciously and without probable cause" suing out in this same action an attachment, and having the same levied on the defendant's goods "for the purpose of mere oppression," etc. The plaintiffs' claim was for $224.20, for goods sold and delivered. The defendant's claim was for $1,000 damages for wrongfully suing out said attachment. The defendant made no defense to the plaintiffs' claim, but admitted that the same was correct, and then asked that one claim be set off against the other to the extent of the plaintiffs' claim, and then that he, the defendant, have judgment for $300, a part of the overplus, and the full amount to which a justice's jurisdiction extends. The plaintiffs demurred to the defendant's bill of particulars. *Both parties appeared* and argued the demurrer. The court sustained the demurrer. Now after all this transpired, can it be said that the justice did not have sufficient jurisdiction of the defendant to render judgment against him? Any voluntary appearance of a party to an action which recognizes the general jurisdiction of the court, or which is not made for the special purpose of contesting the jurisdiction of the court, or for any other special purpose, will be construed to be a general appearance in the case, and will be held to give the court general jurisdiction in the case of such party. *Cohen v. Trowbridge*, 6 Kas. 385, 393; *McBride v. Hartwell*, 2 Kas. 411, 415; 1 U. S. Dig., first series, 101, 103, paragraph 580, *et seq.*

II. We think the justice rightfully held that the defendant's set-off could not be set up in this action. 1st: It had no existence at the time this action commenced. A *defense* to an action may be set up and used, although it may not have accrued until after the action was commenced. But this is not a defense. 2d: The defendant does not claim that his

supposed set-off is a counterclaim, and it is not. It has no connection with the "foundation" or "subject" of the plaintiffs' action. (Civil Code, § 95.) 3d: Neither is his supposed set-off, a set-off. A set-off "must be a cause of action arising upon contract, or ascertained by the decision of a court." (Civil Code, § 98.) There is no pretense in this case that the defendant's set-off is founded upon any contract, or upon the decision of any court. It is founded purely and entirely upon a tort. The plaintiffs of course gave bond when they obtained said attachment. The bond in this case was for the sum of $500. But the defendant did not found his set-off upon said bond. He entirely ignored the bond. He did not even mention the bond in his bill of particulars. It would seem from the amount he claimed that he thought the bond was too small to cover his damages.

The judgment of the court below must be affirmed.

BREWER, J., concurring.

HORTON, C. J., not sitting in the case.