[No. 6909. Decided June 5, 1908.]

CHARLES VEYSEY *et al.*, *Plaintiffs*, GEORGE L. THOMPSON, *Respondent*, v. JOSEPH BERNARD, *Appellant*.[1]

APPEAL—REVIEW—HARMLESS ERROR — PARTIES — SUBSTITUTION — PLEADING. Upon the death of a party, the substitution of his successor in interest without requiring him to plead over is not prejudicial error, where the motion for substitution was in the nature of a supplemental pleading alleging a transfer of interest, which was adopted by appellant, who was not prevented from controverting the fact and did not suffer thereby.

TRIAL — CONDUCT — PLEADING — ORAL DEMURRER — NECESSITY OF WRITTEN PLEADINGS. Where, after trial commenced, leave is granted to file a supplemental answer setting up a counterclaim, it is not error to require the trial to proceed, after the court had announced that a demurrer would be sustained, it being understood that it was so traversed by oral demurrer.

SET-OFF AND COUNTERCLAIM—ATTACHMENT—WRONGFUL ATTACHMENT—PLEADING. A counterclaim for damages arising out of the wrongful issuance of attachment cannot be pleaded in answer to the complaint in the original action.

BANKRUPTCY—DISMISSAL—EFFECT—PROSECUTION IN STATE COURT. In involuntary bankruptcy proceedings, the bankruptcy court has no power, on motion of plaintiff to dismiss, to enter a judgment of dismissal that will preclude further prosecution of the claim against the debtor in the state courts.

ABATEMENT AND REVIVAL—GROUNDS—FEDERAL AND STATE COURTS—UNFOUNDED APPEAL. Where the bankruptcy court, in the dismissal of the petition in bankruptcy, inadvertently recited that the dismissal was without right to further prosecute the claim, an appeal from an order correcting the inadvertence will not abate an action in the state courts against the debtor, as the plea in abatement is easily determinable without reference to the appeal.

Appeal from a judgment of the superior court for Chehalis county, Irwin, J., entered April 15, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*J. C. Cross* (*A. Emerson Cross*, of counsel), for appellant.

*W. I. Agnew*, for respondent.

[1]Reported in 95 Pac. 1096.

HADLEY, C. J.—This suit was brought in the superior court by Charles Veysey and Marion Veysey, copartners as Veysey Brothers, to recover from the defendant a balance of $848.10, alleged to be due upon account for goods sold and delivered. The defendant answered, admitting a balance of $564.45, and offering to confess judgment for that amount. After issue was thus joined, the original plaintiffs in the action, together with other alleged creditors of the defendant, filed a petition in bankruptcy against the defendant in the district court of the United States for the western district of Washington. This defendant appeared in the bankruptcy proceedings and entered his plea to the petition. During the pendency of the bankruptcy proceedings, the petitioners moved the court for the dismissal of their petition, and an order was entered dismissing the same "without right to the said petitioners to further prosecute their respective claims." Afterwards the petitioners moved the court for a modification of the judgment of dismissal so as to expressly show that the right of the petitioning creditors to sue upon their claims in the state courts is preserved, and that the denial of the right to further prosecute is limited merely to the bankruptcy proceedings. The court granted the motion and, over the objection of this defendant, entered an order to that effect, reciting in the order that the original judgment of dismissal was inadvertently entered and did not conform to the motion upon which it was based. Thereupon the said district court granted to this defendant, as the alleged bankrupt in the bankruptcy proceedings, an appeal to the United States circuit court of appeals, and afterwards this defendant filed in the last-named court his petition for the review of the order of modification aforesaid.

The above facts were set up by way of supplemental answer in this case, and for the purpose of abating this suit pending the said review in the United States circuit court of appeals. The supplemental answer also set up as an alleged counterclaim a claim for damages by reason of an attachment which

it is alleged was wrongfully sued out at the commencement of
this action.  Pending the suit, the plaintiff Marion Veysey
died, and Charles Veysey was appointed administrator of the
partnership of Veysey Brothers, and also of the estate of
Marion Veysey.  In the course of such administration, an
order of distribution was made, whereby the chose in action
upon which this suit is founded was transferred to Mildred
Veysey, a minor, who is the sole heir at law of said deceased.
Thereupon George L. Thompson was duly appointed and
qualified as the guardian of Mildred Veysey, and as such
guardian was substituted as the party plaintiff in this cause.
The cause came on for trial before the court without a jury,
and resulted in a judgment in favor of the guardian afore-
said for the full amount demanded, with interest.  The de-
fendant has appealed.

It is first urged that the court erred in allowing the sub-
stitution of respondent without requiring him to plead over,
but it is not shown that appellant has suffered thereby.  Re-
spondent was merely substituted as the real party in interest,
which was proper under our statute.  The motion for sub-
stitution was in the nature of a supplemental pleading, alleg-
ing a transfer of interest, and it does not appear that appel-
lant was prevented from controverting that fact if he desired
to do so.  Respondent adopted the pleading already in the
record with which appellant had joined in issue, and no injury
resulted to the latter.

It is complained that the court required that the trial
should proceed, over appellant's objection, upon oral plead-
ings by way of demurrer to the counterclaim contained in the
supplemental answer, and also by reply to the same answer.
The record, however, shows that the case was regularly as-
signed for trial prior to the giving of notice of the filing of
the supplemental answer, and that the motion for leave to
file the supplemental answer came on for hearing at the time
of the trial.  After the filing was allowed the court stated, in
response to an inquiry from respondent's counsel, that a de-

murrer to the counterclaim would be sustained when filed. Under such circumstances there was no error. The convenience of the court required that the trial should then proceed. The original answer had been traversed by reply, and it is clear that both court and counsel understood that the supplemental answer would also be traversed. The issues as thus defined by the record and announced by the court were clearly understood.

It is next contended that it was error to sustain the demurrer to the counterclaim set up in the supplemental answer. The ruling of the trial court was authorized by the decision of this court in *Tacoma Mill Co. v. Perry*, 32 Wash. 650, 73 Pac. 801, where it was held that a counterclaim for damages arising out of the wrongful issuance of an attachment cannot be pleaded in answer to a complaint in the original action, although the attachment may have been dissolved prior to the filing of the counterclaim. The reasons therefor are fully discussed in the opinion cited and need not be repeated here.

Appellant insists that the court erred in not giving effect to his plea in abatement. The recital in the first order of dismissal entered by the bankruptcy court was so manifestly an inadvertence that it would seem no modification was really necessary. It cannot be successfully maintained that, on a mere motion by petitioners to dismiss bankruptcy proceedings, the bankruptcy court has the power to enter a judgment that will prevent the petitioners from prosecuting their valid claims against the debtor in the state courts. The plea in abatement therefore seems easily determinable without reference to the appeal which was taken from the order of modification. The court did not err in refusing to sustain the plea in abatement.

We think the judgment is fully sustained by the testimony, and it is affirmed.

FULLERTON, RUDKIN, DUNBAR, ROOT, MOUNT, and CROW, JJ., concur.