[No. 7787.   Department One.   July 8, 1909.]

FIRST NATIONAL BANK OF WENATCHEE *et al.*, *Respondents*, v. LEONARD FOWLER *et al.*, *Appellants.*[1]

STIPULATIONS—CONSTRUCTION.  A stipulation that the issues in consolidated actions may be submitted upon their merits, on the pleadings in the several actions, which were to be considered as evidence, and the evidence submitted under the stipulations, should not be construed as a confession of judgment on a cross-complaint to which no answer was made, or as an admission of the relevancy of the pleadings, or as an estoppel to assert legal conclusions from the pleadings considered as a whole.

PRINCIPAL AND SURETY—MARSHALING ASSETS—PLEDGES—RIGHTS OF SURETY.  Equity will not decree a marshaling of assets in favor of sureties in default, where it would defeat the right of a judgment creditor to satisfy his judgment out of pledged property.

PRINCIPAL AND SURETY—EXHAUSTION OF REMEDY AGAINST SURETY —STATUTES—APPLICATION.  Under Bal. Code, §§ 5707, 5708, providing for determining the questions of suretyship as between defendants primarily and secondarily liable, and Laws 1899, p. 373, § 192, defining a person "primarily liable to be one who is absolutely required to pay the same," debtors who are expressly made principal contractors cannot avail themselves of the statute to determine equities between themselves, as against objection by the plaintiff.

SET-OFF AND COUNTERCLAIM—TORT IN ACTION ON CONTRACT.  In an action on contract to subject pledged property to a debt, a claim in tort for plaintiff's conversion of part of the property is not a proper item for counterclaim.

CHATTEL MORTGAGES—PROPERTY INCLUDED—ESTOPPEL.  The owner of a machine having included it in a chattel mortgage executed by him on behalf of a corporation of which he owned all the stock, is estopped to assert that the same is his property and not subject to the mortgage.

HUSBAND AND WIFE—COMMUNITY PROPERTY—EXEMPTIONS—CHATTEL MORTGAGES.  A chattel mortgage by a husband upon exempt personal property is valid without being signed by the wife, and a waiver of the exemption.

[1]Reported in 102 Pac. 1038.

Appeal from a judgment of the superior court for Chelan county, Steiner, J., entered April 3, 1908, upon findings in favor of the plaintiffs, in consolidated actions on contract, after a trial on the merits before the court without a jury. Affirmed.

*Bevington & Finch* and *Ira Thomas*, for appellants.

*Reeves & Reeves*, for respondents.

CHADWICK, J.—This case involves four suits consolidated under an order of the court. Suit number one is an action instituted by the First National Bank of Wenatchee against the Republic Press and Leonard Fowler and wife, to recover a balance due upon a note for $7,000. To secure this note Fowler and wife executed a mortgage on certain lots in the city of Wenatchee, and a chattel mortgage on the press and plant of the Republic Press, a newspaper corporation doing business at Wenatchee. Suit number two was an action instituted by George A. Fisher, cashier of the plaintiff in the first suit, to recover from Leonard Fowler and wife a balance due upon three notes aggregating the sum of $1,200. To secure these notes a second mortgage upon the lots above mentioned was given, and a chattel mortgage was given upon the private library belonging to the appellants, and a note executed by a third party was hypothecated as collateral security. Suit number three is an action instituted to recover the balance due upon a note for $4,500, made by the Republic Press. To secure this note a chattel mortgage was executed, covering all of the personal property of the corporation. Suit number four is an action instituted to recover the balance due upon a series of notes given by Leonard Fowler to the Mergenthaler Linotype company, and afterwards transferred to George R. Fisher. Judgment was rendered in each instance in favor of the plaintiffs and against defendants.

The amounts due upon these several items of indebtedness

are disputed by defendants Fowler and wife.  The Republic Press defaulted in the court below.  It is alleged by defendants, and must be accepted as an admitted fact in the case, that Leonard Fowler and wife own and control the great majority of the stock of the Republic Press, and are "the real parties in interest in the life, prosperity, and management of said corporation."  The case was determined by the court upon the merits under a stipulation reciting:

".   .   .   that said consolidated actions may be submitted on their merits, in said suit No. 3, on Thursday, the second day of April, 1908, commencing at nine o'clock in the forenoon of said day, and that such submission be made in the following manner, to wit:  Upon the pleadings now on file in said several causes of action, as consolidated in said suit No. 3, it being understood that the complaints filed by the several plaintiffs, in each of said suits, is to be considered as evidence, and the answers, cross-complaints and interpleaders filed by Leonard Fowler and Mary B. Fowler, his wife, are also to be considered as evidence, and the actions thus consolidated are to be submitted on the issues thus joined and the evidence thus submitted under this stipulation."

Reliance is had upon this stipulation for a reversal of the case.  Appellants say:

"This cause ought to be easy of determination.  The respondents are entitled to all they ask in their complaints; and to retain all the court gave them in the judgments, so far as amounts are concerned.  This much has at all times been conceded.  The only questions for consideration then are those suggested by the cross-complaint and interpleader. The consideration of these questions is simplified by the facts involved being undisputed.  No answer was interposed to this cross-complaint and interpleader.  On the contrary the facts therein pleaded were affirmatively confessed.  This was the purpose and the effect of the stipulation entered into under which the case was tried.  Treating the matters stated in such cross-complaint and interpleader as the evidence in the case, does such evidence present a case for the equitable cognizance of this court?  If it does not, there is no reason for disturbing the judgment of the lower court.  If it does,

however, then a proper balance should be struck between that which the appellants are entitled to and that which respondents are entitled to, and a final judgment rendered according to this balance."

If the effect contended for is given this stipulation, then the argument of counsel might be well founded; but after mature consideration, we are unwilling to so hold. We do not understand that the trial court or the attorneys for respondents understood that the stipulation was intended to operate as a confession of judgment or an admission of the relevancy of the allegations of the answers, cross-complaints, and interpleaders, or an estoppel to assert legal conclusions following a consideration of the pleadings, when considered as a whole.

The first position taken by appellants is that the assets of the Republic Press, if properly "handled," are sufficient to pay all its obligations as well as those undertaken in its behalf by appellants, and that the court should have decreed a marshaling of its assets before rendering judgment against them. Respondents are contract creditors and, having a judgment, are entitled to pursue the usual remedies. There is nothing in the cross-complaints or interpleaders that would warrant a court in denying or postponing their legal right to satisfy their judgment out of the pledged property. Equity will not displace one right for the purpose of upholding or asserting another. The right to marshal assets is based upon principles of equity and, however desirable it may be to the debtor to be allowed to direct the manner of satisfying the debt, he cannot, after default, claim the aid of equity to defeat or delay the performance of his contract.

Appellants invoke the aid of Bal. Code, §§ 5707 and 5708 (P. C. §§ 1330, 1331), and under them claim the right to have the question of suretyship determined upon the theory that the Republic Press is the principal debtor and that they are but sureties. The fault of appellants' contention lies in the fact that the sections referred to were designed to deter-

mine the rights between a surety and principal, and in terms provide that such proceedings shall in no wise affect the proceedings of the plaintiff. Whatever the equities between the Republic Press and the appellants may be, they are by the express terms of their contract principals as to respondents. The general rule in this regard is supplemented by the statute, which provides:

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay same. All other parties are 'secondarily' liable." Laws 1899, p. 373, § 192.

The intent of this provision undoubtedly was to prevent the assertion of any right or the pursuit of any collateral inquiry in cases instituted upon a direct promise to pay. Appellants cannot be heard to raise the question of suretyship against the demands of the respondents. They are bound by their contract. Aside from the statute, the principle has been frequently decided by this court. *Anderson v. Mitchell*, 51 Wash. 265, 98 Pac. 951, and cases therein cited.

Appellants claim that they should receive credit for the sum of $1,970, the value of a printing press which they allege the First National Bank has converted to its own use. Appellants have their action at law for this tort, and may recover the damages sustained in an independent action. Their claim is not a proper item of counterclaim. *Tacoma Mill Co. v. Perry*, 32 Wash. 650, 73 Pac. 801; Wiltsie, Mortgage Foreclosure, § 381.

A claim of like character is made for the value of the Mergenthaler Linotype machine. This is claimed as the property of appellants, and therefore not subject to the mortgage. The machine is described in the mortgage to the bank executed by appellant Leonard Fowler on behalf of the Republic Press. It was also mortgaged by Leonard Fowler as his own property. Having included it in the mortgage to the bank, which he executed on behalf of the Republic Press

of which he was, as he asserts, practically the sole-owner, he should not be heard to assert the claim now put forth.

Lastly, it is claimed that the private library belonging to appellants cannot be taken under the mortgage, for the reason that it is exempt property and the appellant Mary Blanche Fowler did not join in the execution of the mortgage. The control and management of the community personal property is lodged in the husband, and a mortgage executed by him, whether covering exempt property or amenable property, is effective and in legal effect a waiver of all statutory claims or privileges arising out of its character or use. 12 Am. & Eng. Ency. Law (2d ed.), p. 209.

Taking the complaints and the relevant facts alleged in the cross-pleadings of appellants as true, we cannot draw any conclusion of law that will sustain appellants in any one of their several contentions.

The judgments of the lower court are affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.