NEW JERSEY MISCELLANEOUS REPORTS. 277

Hudson Co. Cir. Ct.—Kassel Poultry Co. v. Sheldon Produce Co.

HUDSON COUNTY CIRCUIT COURT.

KASSEL POULTRY COMPANY, INC., a corporation, plaintiff,

*v.*

SHELDON PRODUCE COMPANY, a corporation, defendant.

Attachment—Counter-claim Alleging No Cause for Making Affi-
davit or Writ, Alleging Malicious Institution of Suit—Plain-
tiff Resists Counter-claim as Disclosing No Cause of Action
—Defendant Argues That Merits of Claim and Counter-
claim May be Tried Together—Cause of Action May Exist
Along With Malice Against Defendant Proof of Which
Might Prejudice Jury Against Plaintiff's Cause—Determina-
tion of Claim Must Be Had Before Malicious Prosecution
Can Be Shown.

ACKERSON, J.

This action was begun by an attachment, and the complaint
is based upon a debt which is alleged to be due from the
defendant to the plaintiff. The defendant has filed an
answer setting up a counter-claim against the plaintiff, in
which the defendant alleges that the plaintiff had no reason-
able or probable cause to make the affidavit, nor to cause the
said writ of attachment, which initiated the plaintiff's suit, to
be issued. There is, of course, no allegation in the counter-
claim that the proceedings thus alleged to have been ma-
liciously instituted have been terminated in favor of the
defendant, for the reason already stated, that the affidavit
and writ of attachment are the same which preceded the filing
of the complaint in this very cause.

Plaintiff now moves to strike out the counter-claim upon
the ground that it does not disclose a cause of action, for the
reason that it does not allege a prior termination of said
attachment proceedings, and that any damages caused by an
attachment action cannot be set up by way of counter-claim

by the defendant in the same action in which the attachment was issued.

At the argument it was conceded that in an action for the malicious prosecution of a criminal complaint an allegation of prior termination is necessary, but the defendant insists that a different rule prevails where the medium of the malicious prosecution is a civil suit, and especially one begun by attachment. This question does not seem to have been directly passed upon in the State of New Jersey, but a careful examination of the reports of other states indicates that, according to the weight of authority, an action will not lie for a malicious attachment until a termination of the attachment suit in favor of the defendant therein. *26 Cyc. 56,* and cases cited.

The defendant argued, however, that inasmuch as the Practice act of our state provides that "the defendant may counter-claim or set-off any cause of action," that there can be no objection to allowing the same jury which passes upon the questions involved in the attachment suit from also deciding, if they find that the plaintiff therein cannot prevail, whether the proceedings were maliciously instituted by the plaintiff therein, for it is claimed that in such an event the jury, under proper instructions from the court, would have to decide the attachment suit first, which would be a practical termination of such proceeding, before they could pass upon the question of a malicious prosecution thereof, and that litigation would thereby be lessened and much time and expense saved.

The fallacy with this argument is, that a counter-claim is based upon the same principles as a complaint in an independent suit, and that all of the elements necessary to make up a legal complaint must likewise be alleged in a counter-claim, and inasmuch as the great weight of authority supports the proposition that an action will not lie for the malicious prosecution of an attachment until a termination of the attachment suit in favor of the defendant therein, therefore, at the time of the filing of the counter-claim in the case *sub judice,* there was no cause of action upon which to

base the counter-claim, which must necessarily speak as of the time of the filing thereof.

Furthermore, to permit such a counter-claim to be filed, would raise issues which would unduly prejudice the proper determination of the attachment suit, because the questions of want of probable cause and malice necessarily raised by such a counter-claim would permit the introduction of evidence, which would otherwise be entirely irrelevant in the main attachment suit, for it is perfectly evident that in the ordinary attachment suit it would be entirely immaterial how much malice the plaintiff may have had against the defendant therein, so long as he had probable cause for instituting the proceedings, and, if evidence of malice were introduced in support of the counter-claim for malicious prosecution, it might tend to prejudice the minds of the jury against the plaintiff in the attachment suit, regardless of the question of probable cause in instituting such proceedings.

For the reasons last mention, I should feel disposed to strike out the counter-claim in the case *sub judice,* regardless of whether or not the allegation of prior termination of the attachment proceedings was a necessary element therein, under the authority given to the court by the Practice act, wherein it is provided that in cases of a counter-claim, "in the discretion of the court, separate trials may be ordered, or, if the counter-claim cannot be conveniently disposed of in the pending action, the court may strike it out." *P. L. 1912 p. 379 ch. 231 § 12.*

The counter-claim will therefore be stricken out, first, upon the ground that it does not set forth a legal cause of action in failing to allege the prior termination of the attachment proceedings in favor of the defendant. *Veysey* v. *Bernard, 95 P. 1096; 49 Wash. 571; Sonsee* v. *Jones & Green, 248 S. W. Rep. 289; Gunnis* v. *Cluff, 111 Pa. 512; 4 Atl. Rep. 920; Donnegan* v. *Armour, 3 Ohio C. C. 432; 2 O. C. D. 244; Kramer* v. *Thomson-Houston Electric Light Co. of Boston, 95 N. C. 277; Jeffreys* v. *Hancock, 57 Cal. 646; Carver* v. *Shelly, 17 Kan. 472.*

And, also, for the reason that the issue attempted to be raised by the counter-claim is one which cannot conveniently be disposed of in the main action, and an order may be presented accordingly.