[No. 19420. Department One. August 26, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Wenatchee Buick Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

CHATTEL MORTGAGES (63)—FORECLOSURE—RESTRAINING OR REMOVING FORECLOSURE. An attaching creditor, claiming a superior lien, has the right to remove a chattel mortgage foreclosure to the superior court, under Rem. Comp. Stat., § 1110, providing that the right to foreclose as well as the amount claimed to be due may be contested in that manner by any person interested in so doing.

Certiorari to review an order of the superior court for King county, Hall, J., entered July 8, 1925, transferring chattel mortgage foreclosure proceedings to the superior court, upon petition therefor. Affirmed.

*Shank, Belt & Fairbrook,* for relator.

*Grinstead, Laube & Laughlin,* for respondents.

BRIDGES, J.—One Johnson bought a Buick automobile of the Wenatchee Buick company, turning in a Ford sedan in part payment and giving to the Wenatchee company a mortgage on the Buick car for the balance of the purchase price. Sonneborn Sons, Inc. claimed to own the Ford sedan and that Johnson had no right to dispose of it. They assigned their claim to one Friedman, who brought action in the King county superior

[1]Reported in 238 Pac. 614.

court against Johnson for conversion of the Ford car, and at the same time attached the Buick car, which was then in possession of Johnson at Seattle. Shortly thereafter, the Wenatchee company sought to foreclose its mortgage through the sheriff of King county, notice thereof being given to Johnson and Friedman. The latter sought to have the foreclosure removed to the superior court of King county.

His petition alleged, among other things, that the mortgage carried usurious interest, that the attorney's fees sought in the foreclosure were unauthorized by law and were excessive and that, at the time Johnson bought the Buick car of the Wenatchee company, turned in the Ford sedan as part payment, and gave a mortgage on the Buick car, Friedman's assignor was the absolute owner of the Ford sedan and Johnson had no right or authority to sell it, of which facts the Wenatchee company, the mortgagee, had full knowledge, and that there was a fraudulent scheme between Johnson and the Wenatchee company whereby they undertook to defraud Friedman's assignor out of the sedan. Upon these allegations, the court made an order transferring the foreclosure proceedings to the superior court of King county, and restrained the Wenatchee company from proceeding further with the sheriff foreclosure. It is claimed that in so doing the court erred.

It was never intended that the short form of foreclosure should be exclusive, but, on the contrary, that any person who could show a proper interest in the matter should have a right to remove the proceedings to the courts where the foreclosure could be contested. Section 1110, Rem. Comp. Stat. [P. C. § 9757], provides that:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any person interested in so doing, and the proceedings may

be transferred to the superior court, for which purpose an injunction may issue if necessary."

Friedman unquestionably has such an interest in the subject-matter of the foreclosure as that he has a right to have the proceeding removed to the superior court. He has an attachment, and the Wenatchee company has a chattel mortgage, on the Buick car. There is a contest between the two as to which lien is senior. If Friedman's charges set out in the petition for removal are true, then probably the mortgage is void and in any event its lien would likely be subject and junior to the attachment lien. These are issues which can and should be tried out in the mortgage foreclosure proceeding. If the relator, to wit, the mortgagee, had in the first place sought to foreclose its mortgage through the medium of the courts, making Friedman a party defendant thereto, the latter unquestionably could contest the foreclosure on the very grounds alleged in his petition for removal. We think it ought to be, and is, the law that anything which would be a *bona fide* defense to the foreclosure of a mortgage by the courts ought to be sufficient interest to justify the removal of the foreclosure from the sheriff to the courts.

We think the order of removal was proper, and the action of the trial court is affirmed.

TOLMAN, C. J., FULLERTON, PARKER, and MITCHELL, JJ., concur.