[No. 25216. Department One. December 1, 1934.]

H. C. CHRISTENSEN *et al.*, *Respondents*, v. THE PLYMOUTH COLLATERAL COMPANY, *Appellant*.[1]

*Allen, Froude & Hilen,* for appellant.

*Ballard & Houghton,* for respondents.

[1]Reported in 38 P. (2d) 233.

MAIN, J.—The Plymouth Collateral Company, a corporation, sought to foreclose a chattel mortgage by notice and sale through the sheriff's office of King county. H. C. Christensen and wife, the makers of the mortgage and the note that was secured thereby, filed a complaint in the superior court asking that the cause be transferred to the court and that the sheriff be restrained from further proceeding. This was done.

In the complaint, the makers of the note and mortgage pleaded usury, and sought the cancellation of the mortgage and the return of the property covered thereby. The collateral company asked no affirmative relief in the superior court. When the case was brought on for trial, that company moved for a voluntary nonsuit, which was denied. The motion was repeated at the conclusion of the evidence offered by the mortgagors, and was likewise overruled. Judgment was entered to the effect that the mortgage was fully paid and satisfied, that it should be cancelled of record, and that the property covered by the mortgage be returned to the mortgagors. From this judgment, The Plymouth Collateral Company appeals, claiming that its motion for nonsuit should have been granted.

Rem. Rev. Stat., § 1104 [P. C. § 9751], provides that any mortgage of personal property when the debt to secure which the mortgage is given is due,

". . . may be foreclosed by notice and sale as herein provided; or it may be foreclosed by action in the superior court having jurisdiction in the county in which the property is situated."

Section 1110 [P. C. § 9757], provides that the right of the mortgagee to foreclose, "as well as the amount claimed to be due," may be contested by any person interested in so doing, and the proceedings may be

transferred to the superior court, for which ·purpose an injunction may issue, if necessary.

Section 7304 [P. C. § 3161], ·covers the effect of illegal rate of interest when an action is brought, and sets out the penalty to be imposed when usurious interest has been contracted for or paid.

Section 408 [P. C. § 8122-1], covers the matter of judgment by dismissal or nonsuit, states the grounds therefor, and contains the provision that no action shall be dismissed upon the motion of the plaintiff, "if the defendant has interposed a set-off as a defense, . . . or sets up a counter claim, . . ."

Any *bona fide* defense to the foreclosure of a mortgage by the court is sufficient to justify the removal of the foreclosure from the sheriff. In *State ex rel. Wenatchee Buick Co. v. Superior Court*, 135 Wash. 664, 238 Pac. 614, it is said:

"We think it ought to be, and is, the law that anything which would be a *bona ·fide* defense to the foreclosure of a, mortgage by the courts ought to be sufficient interest to justify the removal of the foreclosure from the sheriff to the courts."

After the action is transferred to the court from the sheriff's office, the mortgagee who began the proceeding in that office becomes, in effect, the plaintiff, and the mortagor who filed the complaint asking the transfer becomes the defendant. They are, as to the merits, in the same position as if the mortgagee had originally commenced the foreclosure, making the mortgagors parties defendant by the usual suit in equity for that purpose in the superior court.

In *Elder v. Massachusetts Mortgage Co.*, 159 Wash. 450, 293 Pac. 711, 85 A. L. R. 638, it is said:

"They were, as to the merits, in the same position as if the mortgage company had originally commenced its foreclosure, making them parties defendant, by the

usual suit in equity for that purpose in the superior court. . . . Manifestly, when the transfer has been so effected, the foreclosure proceeding proceeds just as if it had been originally commenced in the superior court by the mortgagee, and the mere fact that the resisting parties happen to call themselves plaintiffs in seeking transfer of the proceeding to the superior court, as occurred in this case, does not make them plaintiffs as to the merits of the foreclosure.''

After the transfer, the foreclosure is one in court, and not one by notice and sale. *State ex rel. Southern Alaska Canning Co. v. Superior Court,* 128 Wash. 100, 222 Pac. 203; *Clark v. Kraft,* 169 Wash. 49, 13 P. (2d) 7.

Even though the proceeding to foreclose through the sheriff's office was not an action within the contemplation of section 1104, it became, in effect, such after the transfer, and, as pointed out in the cases cited, the case then stood exactly as though the proceeding had originally been brought in the superior court by the mortgagee. The mortgagors having pleaded a set-off as against the amount claimed by the mortgagee and counterclaimed for other relief, the motion for a voluntary nonsuit was properly denied.

It is true that usury, in order to be available, must be pleaded, and is an affirmative defense. *Fenby v. Hunt,* 53 Wash. 127, 101 Pac. 492; *Bovee v. Yamamoto,* 121 Wash. 517, 209 Pac. 697. In this case, it was so pleaded in the complaint of the mortgagors, which, after the case was transferred to the superior court, became the answer to the mortgagee's demand.

Cases holding that the affirmative plea of the statute of limitations or of contributory negligence will not bar the plaintiff's right to take a voluntary nonsuit have no application here, because neither the plea of the statute nor of contributory negligence is pleaded as a set-off or counterclaim to the plaintiff's demand,

but each, when interposed, is for the purpose of showing that no cause of action exists in the plaintiff.

The judgment will be affirmed.

BEALS, C. J., MILLARD, STEINERT, and TOLMAN, JJ., concur.