Charlie J. Biedler and Edward Biedler, Appellees, v. Rudolph Malz and Eric Malz, Copartners, Trading as Dutch Dairy, Appellants.
Rudolph Malz and Eric Malz, Copartners, Trading as Dutch Dairy, Appellants, v. Charles J. Biedler and Edward Biedler, Appellees.

Gen. No. 42,992.

Opinion filed May 29, 1944.

S. R. PULASKI, of Chicago, and E. C. FRANK MEIER, for appellants.

F. J. KARASEK, of Chicago, for appellees; K. B. CZARNECKI, of Chicago, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

Rudolph and Eric Malz, copartners as the Dutch Dairy, appeal from an order entered November 30, 1943, whereby a judgment in their favor on their counterclaim, for $4,500, entered by default on October ·1, 1943, was set aside and the counterclaim dismissed without prejudice.

The suit in which they were defendants was begun by attachment July 10, 1943. (See Ill. Rev. Stat. 1943, ch. 11, pp. 160–165 [Jones Ill. Stats. Ann. 109.032 et seq.].) Plaintiffs, Charlie J. and Edward Biedler, on that day filed an affidavit alleging defendants were indebted to them under a written contract in the sum of $11,958.74; that defendants were about to fraudulently remove their property from the state, etc.; and prayed an attachment. They secured ex parte an order that the attachment issue upon their filing bond in the sum of $3,000. It issued. Defendants were served, also the Lake View Trust & Savings Bank, as garnishee, thus tying up defendants' bank account and safety deposit boxes. Numerous orders were entered by numerous judges. A motion by defendants to dismiss the attachment was denied. On their motion another order was entered releasing a part of the funds attached. Other orders struck the affidavit for attachment, quashed the attachment writ and garnishee summons and dismissed plaintiffs' suit.

Defendants attached to their affidavit traversing plaintiffs' affidavit for attachment an alleged counterclaim, demanding damages from plaintiffs on the theory the suit begun by them was brought without probable cause and with malicious intention. Defendants obtained a default on this counterclaim and on an

*ex parte* trial a finding in their favor with damages assessed at the sum of $4,500, with judgment thereon, and a special finding that malice was the gist of the counterclaim action. The order of default was entered September 8, 1943. The judgment was entered on October 1, 1943.

October 14, 1943, plaintiffs made a motion to vacate the order dismissing the attachment, set aside the order of default and the judgment in favor of the counterclaimants and reinstate the main action. The trial court denied these motions except as to the judgment on the counterclaim, confirmed the dismissal of plaintiffs' action, vacated the judgment on the counterclaim, and of its own motion struck the counterclaim and dismissed the action on it without prejudice to the rights of defendants. Defendants appeal from that part of the order relating to the counterclaim. Plaintiffs do not complain.

We hold the order striking defendants' counterclaim was proper because the action stated therein would not from its nature arise until the termination of the attachment suit favorably to defendants. Am. Jur., Vol. 5, § 1020, p. 218; *Spaids v. Barrett,* 57 Ill. 289; *Atkins v. Swope,* 38 Ark. 528; *Elder v. Massachusetts Mortg. Co.,* 159 Wash. 450, 293 Pac. 711, and annotation thereto in 85 A. L. R. 638, 644. The judgment will be affirmed.

*Affirmed.*

O'Connor, P. J., and Niemeyer, J., concur.