## THE MACHINISTS' BANK v. KRUM.

1. USURY MAY BE PLEADED BY A PARTNER. In an action against a copartnership upon a note tainted with usury, either partner may set it up as a defense, without the consent of his copartners. The defense may also be

pleaded by one copartner who has for a consideration assumed the payment of the copartnership debt, and who has, after the dissolution of the copartnership, renewed the note tainted with usury, by the execution of a new one, in his own name. *Aliter* as to a third party, who, for a consideration, has assumed the payment of a note thus tainted.

*Appeal from Scott District Court.*

MONDAY, JUNE 10.

THE defendant was a member of the firm of W. W. Skinner & Co., doing business in the city of Davenport. This firm became indebted to Cook & Sargeant, for money advanced upon their bank account. For the sum of their indebtedness, with usurious interest added thereto, Skinner & Co. gave their notes. These notes were renewed from time to time, including illegal interest and credits given for payments made thereon. After these several renewals and payments, W. W. Skinner sold out his interests in said firm to the defendant, he, defendant, agreeing to pay all of the debts of said firm, and to keep the said Skinner free from any of said liabilities. After this agreement was made and when the firm notes to Cook & Sargeant became due, the defendant took up the same and gave his individual notes therefor. Krum sets up, as a defense to plaintiff's action, that the money was originally obtained by the firm upon a usurious contract, and that illegal interest was added into said notes, when renewed, each time.

The admission of evidence to support this defense, and the instructions of the Court, to the effect that the defendant had the right to interpose this plea, is the principal error assigned.

*S. E. Brown* for the appellant.

There are two classes of cases in which the plea of usury cannot be interposed:

1. When the defendant is not in privity with the contract, as when a subsequent grantee seeks to set up usury in a prior mortgage.

2. Where the money has been placed in the hands of the defendant to pay the usurious debt, as where he purchases subject to the lien of a usurious mortgage, and expressly agrees to pay it off, as part of the purchase money. *Sands* v. *Church*, 2 Seld., 347; *De Wolf* v. *Johnson*, 10 Wheat., 392; *Frost* v. *Shaw et al.*, 10 Iowa, 491; and *Hollingsworth* v. *Swickard*, Id., 385.

*Cook & Drury* for the appellee.

Krum was a party to this contract, and up to the time he assumed the payment of the entire debt, had the right to interpose this plea. When did he lose that right? The cases cited by appellant are not applicable. The renewal of the note did not purge it of usury. *Campbell* v. *McHarg*, 9 Iowa, 355; *Smith, Twogood & Co.* v. *Coopers & Clarke*, 9 Iowa, 377.

BALDWIN, Ch. J.—There is no controversy as to the fact that the note included usurious interest. It is conceded that the money was first obtained upon a usurious contract and that at each renewal illegal interest was added, but it is claimed that Krum now cannot set up this defense, as he agreed in his contract of purchase from Skinner & Co. to pay all the debts of said firm; that having received the assets of said firm in a sufficient sum to pay all of said debts, he ceased to be a party to the contract of the firm, and that it would be inequitable and unjust to permit him to retain money in his hands that he agreed to apply upon the payment of said debt.

Up to the time the firm was dissolved and the assumption of the debts by defendant, there cannot be any doubt as to the right of the defendant, or either member of the firm, to have interposed this plea. Either one of the mem-

bers of the firm could have set up the usury, whether the other assented thereto or not. If the partnership had continued until an action was brought on the firm note, and one of the firm had pleaded usury, and the other was unwilling to, and failed to set up this defense, the Court, under the peculiar language of our statute, could not have divided the penalty.

It is not upon the plea of the borrower, or for his relief and benefit, that the Court is compelled to take cognizance of the usurious contract, but it is required to declare the penalty whenever it is brought to its knowledge that there has been a violation of the law. Thus if the note sued on should show on its face that it was agreed between the parties thereto, that there was a greater rate than ten per cent to be paid, even if the borrower did not appear and plead, but made default, or even if he desired judgment against him for the amount he promised to pay, it would be the duty of the Court, nevertheless, to declare the contract usurious. If Krum had a right to set up this defense, either before or after the dissolution of the firm, we are unable to determine how the Court could declare the contract usurious only so far as it affected him, or to exclude him from a judgment for interest, and require it to be paid in part by the other members of the firm. If the defendant had the right to set up this defense before the firm was dissolved, did this right cease by his assumption of all the debts of the firm? In what manner did he forfeit this right? The renewal of the note in his individual name did not relieve the contract of its usurious taint. See *Campbell* v. *McHarg*, 9 Iowa, 355 ; *Smith, Twogood & Co.* v. *Coopers & Clarke*, Id., 377. Krum agreed to pay a debt that he was already under obligations, as a member of the firm, to pay. He only changed his relation to the payees so far as to assume an additional obligation that was to pay, not only that portion of the debt he was jointly liable for, but also that portion for

which his partner was bound. If the firm had a defense to the claim, that right not only pertained to him as a member thereof, but he could also set it up under his agreement of purchase. Suppose the claim was a fraudulent one, or suppose the original agreement was without consideration, could not the defendant interpose the same defense as the old firm? It was the legal liabilities of the firm that the defendant assumed to pay, and not those that were in violation of law or fraudulent in their character, or to which any defense could have been successfully maintained by said firm.

The renewal of the note by defendant alone, did not deprive him of the right to set up the defense of usury.; if he could plead it as a partner, he could also, as an individual member of the firm, as the taint did not cease by a change in the character of the security.

It is conceded that if the defendant was not or had not been a member of said firm, he could not have availed himself of this defense, hence the authorities cited by appellant are not applicable to this case.

Other points are made by the appellant, in relation to the ruling of the Court upon objections made as to the form of the questions propounded to certain witnesses, and the giving and refusing certain instructions, but from the view we take of the main question involved we are unable to see how these rulings could have materially prejudiced the rights of appellant.

Affirmed.