## HANLIN v. PARSONS *et al.*

Mortgage: OF CHATTELS: FORECLOSURE. Where the foreclosure of a chattel mortgage by notice and sale is restrained by injunction, on the ground of usury, and transferred to the district court, it there stands as a foreclosure in court, and the power of the court to render a judgment of forfeiture, in favor of the school fund, is as complete, if the contract be found usurious, as if the proceeding to foreclose had been originally commenced in that court.

### *Appeal from Cedar District Court.*

### THURSDAY, FEBRUARY 22.

INJUNCTION to restrain the foreclosure of a chattel mortgage by notice and sale, on the grounds of usury, and that the same had been fully paid off.

On a hearing before the court, of defendant's motion to dissolve, the injunction was modified; and except as modified the motion was overruled, and usury being found, a judgment was rendered against the plaintiff in favor of the school fund. Defendant appeals.

*J. G. Parsons* for the appellant.

*Wolf & Landt* for the appellee.

MILLER, J. — The evidence shows that on the 11th day of April, 1870, Hanlin, the appellee, contracted with the appellant, Parsons, through his agent, J. G. Parsons, for a loan of $1,000 at the rate of fifteen per centum interest, and on the 13th of the same month plaintiff made his promissory note with sureties to the defendant for the said sum of $1,000, payable on or before the 20th day of April, 1871, with ten per cent interest from date, and also executed to defendant a chattel mortgage as further security for the payment of the note; that the defendant, through said agent, thereupon loaned and paid over to plaintiff the sum of $825, and no more; retaining $175, as unlawful interest in advance; that on the 27th day of February, 1871, plaintiff turned over to said agent, as payment on said note, cash and notes on third persons amounting to $965.50, which the said agent received and discounted twenty per centum; that on the 28th day of February, 1871, plaintiff paid on said note the further sum of $55.60; that in May, 1871, defendant placed said note and mortgage in the hands of the sheriff, of Cedar county, for the purpose of foreclosure for a further sum claimed to be due thereon, whereupon this proceeding was instituted.

There is some controversy as to a part of the facts above stated to be shown by the evidence. It is claimed that the $175 retained by the agent, J. G. Parsons, was so retained by him as compensation for his services in procuring and

negotiating the loan for the plaintiff, but we think the evidence, all taken together, very satisfactorily shows that this was a mere cloak to cover up the real character of the transaction, and that the evidence establishes the facts above stated beyond any doubt.

It is urged in argument that the plaintiff's claim is not founded on the note, or upon any contract, but is merely an action to restrain the collection of a debt, and that the fact of usury, therefore, cannot be inquired into nor can a judgment of forfeiture to the school fund be rendered.

The same statute which authorizes the foreclosure of chattel mortgages by notice and sale (ch. 146 of Revision) also provides (sec. 3659) that "the right of a mortgagee to foreclose, as well as to the amount claimed to be due, may be contested by any one interested in so doing, and the proceeding may be transferred to the district court, for which purpose an injunction may issue if necessary."

The effect of the proceedings in this case, under this provision, was to transfer the foreclosure proceedings to the district court, and it therefore follows that, after such transfer, the case stood as a foreclosure in court instead of one by notice and sale. The right to foreclose is based on the note and mortgage in such case, equally as if an action to foreclose had been originally brought in court, and the power of the court to render a judgment of forfeiture in favor of the school fund is as complete, if the contract be found to be usurious, in the one case as in the other.

In respect to the judgment against the appellee in favor of the school fund, whether it was regular to enter such judgment, upon a motion to dissolve the injunction, before the final hearing of the cause, we need not decide, since the plaintiff has not appealed from that judgment, and the appellant is not prejudiced thereby. It *was*, however, clearly regular and proper for the court to ascertain how much, if any thing, was due on the mortgage, and to enjoin the mortgagee from selling for more than was found due.

It was also competent, in such investigation, for the court to inquire, and if it found that more than lawful interest had been contracted for, to restrict the recovery to the principal sum loaned without interest or costs. The question of the usurious character of the contract was, in a legitimate method, brought before the court for determination, and the usury clearly proved. It became, therefore, the plain duty of the court to so decide, and to restrain the mortgagee, in the enforcement of his claim, within the amount yet unpaid of the principal sum loaned. See *Machinists' Bank* v. *Krum*, 15 Iowa, 49; *Kurz* v. *Holbrook et al.*, 13 Ill. 582; *Bacon* v. *Lee & Gray*, 4 id. 490.

The judgment of the district court is

Affirmed.