[No. 16634.    Department Two.    August 9, 1921.]

THE STATE OF WASHINGTON, *on the Relation of John Z. Bayless, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Boyd J. Tallman, Judge, et al., Respondents.*[1]

CERTIORARI (6, 13)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL—ORDER DENYING INJUNCTION. The action of the superior court in denying a temporary injunction to restrain the sheriff from selling mortgaged personalty on a foreclosure of a mortgage by notice and sale, pending proceedings by the mortgagor contesting the amount due, is subject to review by writ of certiorari, since the remedy by appeal from final judgment would be inadequate if the sheriff should be allowed to proceed with the sale.

Certiorari to review an order of the superior court for King county, Tallman, J., entered July 12, 1921, refusing to enjoin proceedings to foreclose a chattel mortgage. Reversed.

*Piles & Halverstadt,* for relator.

MITCHELL, J.—John Z. Bayless mortgaged certain personal property to Frank O. Gordon to secure the payment of two promissory notes. After maturity of

[1]Reported in 199 Pac. 977.

the notes, the mortgagee proceeded to foreclose his mortgage by notice and sale under § 1104 *et seq.*, Rem. Code, relating to the foreclosure of chattel mortgages. Promptly, the mortgagor, contesting the amount claimed to be due in the notice and proposed sale by the sheriff, commenced an action therefor in the superior court against the mortgagee and against the sheriff to enjoin that process of foreclosure. On the hearing of the show cause order and notice why injunction should not issue, the sheriff having been temporarily restrained in the meantime, the superior court dissolved the emergency restraining order and refused injunction. The mortgagor has, by writ of review proceedings, called in question the action of the superior court, claiming he has no plain, speedy and adequate remedy at law, and that the superior court in making its determination violated to the prejudice of the relator a rule of law affecting his rights.

Section 1110, Rem. Code, provides that the right of the mortgagee to foreclose by notice and sale by the sheriff, as well as the amount claimed to be due, "may be contested by any person interested in so doing, and the proceedings may be transferred to the superior court, for which purpose an injunction may issue if necessary." Certainly the mortgagor is a "person interested", and there can be no question that injunction is necessary where, as here, the mortgagee resists the application for it and insists that the sheriff shall not be disturbed in the summary proceedings and sale. That is, injunction is necessary if there shall be an effective transfer of the cause to the superior court as contemplated by the statute.

Citing *State ex rel. Lilly Co. v. Brawley*, 104 Wash. 374, 176 Pac. 337, respondent herein relies upon the rule:

"This court has uniformly held that an extraordinary writ will not issue to review or supersede an order denying a temporary injunction, which by statute is not appealable, unless there is a finding of insolvency, because the legislative intent is that such orders shall be reviewed only on appeal from the final judgment."

But the reason of that rule and the authorities which announce it rest on cases where the trial court had and exercised jurisdiction over all matters pertaining to the controversy between the parties, and it was apparent that no substantial right was denied. That rule is not applicable here. It was decided in *Mack v. Doak,* 50 Wash. 119, 96 Pac. 825, that the statutory form of foreclosure by notice and sale by the sheriff constituted process sufficient to protect the sheriff against the claim of conversion; so that in the present case, without an injunctive order against the sheriff, the court will not have jurisdiction of all matters pertaining to the controversy. While the court is engaged in settling the account between the parties, the sheriff will be permitted to proceed with the foreclosure for the full amount of the face of the obligations, in defiance of the mortgagor's protest as he seeks to avail himself of a specific statute to transfer the whole matter to the superior court. Respondent's argument is accepted that there is no appeal from the order of the superior court except as it may be brought up by an appeal from a final judgment. Manifestly an appeal at that time would not be adequate, for the reason that the statute provides for transferring the proceedings, not simply a part of them, to the superior court. It does not propose that the court shall control a part of the controversy while the sheriff shall carry on the foreclosure. Where the remedy by appeal is inadequate, we have always recognized the right to an extraordin-

ary writ. *State ex rel. Silver Basin Mining Co. v. Superior Court,* 110 Wash. 559, 188 Pac. 384.

One of the questions involving the merits to be determined by the court upon the hearing in writ of review proceedings is, "Whether in making the determination, any rule of law affecting the rights of the parties thereto has been violated to the prejudice of the relator." Rem. Code, § 1010. The right to transfer the foreclosure proceedings from the sheriff to the superior court is unqualified in the statute, and the refusal of the court to enjoin the sheriff where necessary, as we find the case to be here, amounts to the denial of a rule of law, prejudicially affecting the rights of the relator.

Reversed, with directions to the superior court to issue the injunction prayed for by the plaintiff in that case, the relator here, upon his furnishing a proper bond.

PARKER, C. J., MAIN, BRIDGES, and TOLMAN, JJ., concur.