[No. 18458. Department Two.   January 15, 1924.]

THE STATE OF WASHINGTON, *on the Relation of Southern Alaska Canning Company, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *A. W. Frater, Judge, Respondent.*[1]

CHATTEL MORTGAGES (63)—FORECLOSURE—NOTICE AND SALE—INJUNCTION—NECESSITY FOR BOND—STATUTES. Where the foreclosure of a chattel mortgage by sheriff's notice and sale has been transferred to the superior court by the mortgagor's contest, under Rem. Comp. Stat., § 1110, the court has power to enjoin the sheriff from further proceeding, without exacting any bond from the mortgagor; and the general provision of Id., § 725, that no injunction shall be granted until the party asking it has given a bond, has no application to such an order staying the hands of the sheriff pending the court action.

SAME (63)—RESTRAINING FORECLOSURE—NATIONAL BANKS—STATUTES—WAIVER OF STATUTE. A national bank taking advantage of the state statute authorizing the foreclosure of a chattel mortgage by sheriff's notice and sale, subject to the mortgagor's right to transfer the same to the superior court, cannot claim any advantage by reason of U. S. Rev. Stats., § 5242, providing that no injunction shall be issued against such a bank before final judgment in any suit or proceeding in any state.

Application filed in the supreme court December 28, 1923, for a writ of prohibition to prevent the superior court for King county, Frater, J., from vacating an injunction staying proceedings to foreclose a chattel mortgage.   Granted.

*Wright, Kelleher, Allen & Hilen,* for relator.

*Kerr, McCord & Ivey,* for respondent.

[1] Reported in 222 Pac. 203.

BRIDGES, J.—The bank of California sought to foreclose, by notice and sale, a chattel mortgage which had previously been given by the Southern Alaska Canning Company, a corporation. The usual notice of sale was put into the hands of the sheriff of King county, who took the mortgaged property into possession and was proceeding with the foreclosure when the mortgagor instituted a proceeding in the superior court of King county, seeking to have the foreclosure transferred to that court, alleging, among other things, that it did not owe the bank all of the sums set out in the notices for sale, but was entitled to a credit in a large sum. Upon the filing of this complaint, the court issued a temporary injunction or order staying the action of the sheriff. This injunction was given without any bond. Later the sheriff and bank appeared in the action and moved to vacate and set aside the injunction order unless the plaintiff in that action would give a bond in such amount as the court should determine. Thereupon the court ruled that, unless a bond in the sum of $2,500 was given by the mortgagor within a designated time, the injunction should be considered as vacated. Before the expiration of that time, the mortgagor instituted this proceeding to prohibit the court from vacating the judgment unless a bond was given. It is alleged in the petition for the writ, and admitted by the return, that, unless enjoined, the sheriff will proceed to sell the property under the foreclosure by notice proceedings.

The sole question before us is, where a mortgagor has instituted proceedings to transfer to the superior court a pending foreclosure, by notice and sale given by the sheriff, of his chattel mortgage, must he give a bond before the court will restrain the sheriff from further proceeding.

Our statutes provide two ways for the foreclosure of a chattel mortgage; one by notice and sale, and the other by a proceeding in the superior court.

"Any mortgage of personal property, when the debt to secure which the mortgage was given is due, may be foreclosed by notice and sale as herein provided; or it may be foreclosed by action in the superior court having jurisdiction in the county in which the property is situated." Rem. Comp. Stat., § 1104 [P. C. § 9751].

Other sections provide that the notice shall describe the property, fix the time of sale, give the amount due, be signed by the mortgagee or his attorney, and be placed in the hands of the sheriff. The latter shall serve the notice in the way provided, and when the sale is made shall give a bill of sale. Section 1110, Rem. Comp. Stat. [P. C. § 9757], then provides that:

"The right of the mortgagee to foreclose [by notice and sale], as well as the amount claimed to be due, may be contested by any person interested in so doing, and the proceedings may be transferred to the superior court, for which purpose an injunction may issue if necessary."

Probably our statutes concerning foreclosure of chattel mortgages, and particularly § 1110, *supra,* were taken from the Iowa statutes. Section 1897, Code of Iowa, § 4273 *et seq.*

We have upheld the summary foreclosure provision of our statute as constituting due process of law. *White v. Powers,* 89 Wash. 502, 154 Pac. 820. We have also held that, before the transfer to the superior court will be made, the mortgagor must show some valid reason therefor, as, for illustration, that the mortgage is not due or that he does not owe the amount claimed. *West Coast Grocery Co. v. Stinson,* 13 Wash. 255, 43 Pac. 35. We have also held that, when the transfer is made, the court will have jurisdiction of all matters

pertaining to the controversy. *State ex rel. Bayless v. Superior Court,* 116 Wash. 535, 199 Pac. 977; *Strandberg v. Stringer,* 125 Wash. 358, 216 Pac. 25.

The exact question here involved has not previously been before this court. No case has been cited from other jurisdictions, nor have we been able to find one where this question has been disposed of.

It is our opinion that, where a foreclosure by notice and sale has been transferred to the superior court, it is the privilege of that court to issue an order restraining the sheriff from further proceeding under the notice and sale procedure, and its duty to so do if it appear that without such order the sheriff will continue his foreclosure proceedings, and that such order or injunction need not be conditioned upon the mortgagor's giving a bond to support the injunction. The two modes of foreclosure pointed out by the statute are exclusive. If it did not give the mortgagee permission to foreclose by notice and sale he could foreclose only by a proceeding on the equity side of the court. The statute does not pretend to give an unqualified right to foreclose by notice and sale; that right is given only in the event the mortgagor so wills *(Strandberg v. Stringer, supra)*, by failing to take advantage of the statutory provision permitting the foreclosure to be transferred to the superior court. In other words, the foreclosure may be by notice and sale unless it is transferred. When transferred, the provision of the statute permitting foreclosure by notice and sale necessarily ceases to be operative and is superseded and the foreclosure must be by a proceeding in court. After the transfer, the "foreclosure is one in court instead of one by notice and sale." *Hanlin v. Parsons,* 33 Iowa 207. When the court takes jurisdiction it will not permit any interference therewith. It would be an unthinkable condi-

tion that two foreclosures may be proceeding at the same time, one through the sheriff by notice and sale, and the other through the courts. If the sheriff may proceed with his foreclosure while the matter is pending in court, the action of the latter may be entirely nullified by proceedings instituted through the sheriff being consummated before any judgment is given in court.

In the case of *State ex rel. Bayless v. Superior Court, supra,* we said:

". . . so that in the present case, without an injunctive order against the sheriff, the court will not have jurisdiction of all matters pertaining to the controversy. While the court is engaged in settling the action between the parties, the sheriff will be permitted to proceed with the foreclosure for the full amount of the face of the obligations, in defiance of the mortgagor's protest as he seeks to avail himself of a specific statute to transfer the whole matter to the superior court. . . . It [the statute] does not propose that the court shall control a part of the controversy while the sheriff shall carry on the foreclosure."

The order of the court restraining the sheriff is in aid of its jurisdiction and is to prevent acts by the sheriff which will interfere with any final decree it may make.

It is true that § 725, Rem. Comp. Stat. [P. C. § 8059], provides that "no injunction or restraining order shall be granted until the party asking it shall enter into a bond in such sum as shall be fixed by the court or judge granting the order. . . ." But this is a general provision, while the statute which we are here considering is a special one, having reference only to foreclosure of chattel mortgages, and it does not by its terms, or by necessary implication, require a bond to be given before a restraining order or injunction will

be issued.   The injunction mentioned in this chattel mortgage statute is not the kind of injunction mentioned in § 725.   This is more in the nature of an order staying the hands of the sheriff pending the proceeding in court.   Indeed, the court might well issue the restraining order upon its own motion in order that its jurisdiction be not interfered with.

The principal purpose of the statute is to give an opportunity to a mortgagor to defend against the foreclosure of a mortgage given by him.   This right to defend is a valuable one.   In other actions one may defend when he is brought into court without being required to give any bond or security, and so here we would not be justified in holding that the mortgagor must give a bond in order to obtain his rights, unless the statute expressly so provided.   It seems to us it could not have been the intent of the legislature to impose upon him a burden in order that he may defend— a burden which he may be unable to carry and which would deprive him of the right given by the statute to defend.

It is proper that we make some comment on the case of *Kitsap County Bank v. United States Fidelity & Guaranty Co.*, 90 Wash. 12, 155 Pac. 411.   There it was held that, in an action upon an injunction bond given to transfer a chattel mortgage foreclosure to the superior court, the plaintiff can recover the damages by reason of the depreciation in the value of the property that would have been avoided by the advertised foreclosure sale and which was lost to the plaintiff by reason of the transfer.   That case was similar to this one, but there the mortgagor gave a bond which was to protect the mortgagee against damages for transferring the foreclosure to the superior court.   We have examined the record and briefs in that case and find

that the question here involved was not presented, nor was there any contention that the bond could not be held liable because it was not required to be given. In any event, that decision was probably right because the action was on the bond, which was voluntarily given.

The respondent refers us to § 5242, U. S. Rev. Stats., which reads as follows:

"No attachment, injunction or execution shall be issued against such association (a national bank) or its property before final judgment in any suit, action or proceeding in any state, county or municipal court."

That statute cannot have any weight here. Although the mortgagee was and is a national bank, it has undertaken in its foreclosure to take advantage of the statutes of this state, and it cannot take action under a part of that statute without being also bound by the other provisions of it.

Being of the view that it was the duty of the court to issue the injunction, or restraining order, without any bond being given, the writ applied for is granted.

Main, C. J., Fullerton, Parker, and Mitchell, JJ., concur.