[No. 18659.  *En Banc.*  April 16, 1925.]

THE STATE OF WASHINGTON, *on the Relation of J. W. Robinson, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Calvin S. Hall, Judge, Respondent.*[1]

CERTIORARI (5)—WHEN LIES—REMEDY BY APPEAL—DISCOVERY—INSPECTION OF RECORDS. Under Rem. Comp. Stat., § 1002, certiorari does not lie to review an order, made in a proceeding by a stockholder against a corporation, requiring the defendant to produce its books and records for inspection; since, if the order is interlocutory, the remedy is by appeal from the final judgment; and if the order is a final order in an independent proceeding, the remedy by appeal is adequate.

Certiorari to review an order of the superior court for King county, Hall, J., entered April 23, 1924, for the inspection of records. Writ quashed.

*Bogle, Merritt & Bogle,* for plaintiff.
*John F. Murphy,* for respondent.

[1]Reported in 234 Pac. 1017.

FULLERTON, J.—In the year 1907 the Mother Lode Copper Mines Company of Alaska was organized as a corporation under the laws of this state. Its principal business was to acquire and operate certain copper mines located in the territory of Alaska. The articles of incorporation of the company named the city of Seattle, King county, state of Washington, as its principal place of business, and from the time of its organization until some time in the year 1919, it maintained an office in that city wherein it kept the records of its incorporation, its minute books, its stock books and its lists of stockholders, and others of its records usually kept at the headquarters of a going corporation. In the year last named, the corporation, pursuant to the authorization and direction of its stockholders, sold its mining properties to a corporation organized under the laws of the state of Delaware, known as the Mother Lode Coalition Mines Company. The reasons for the sale, or the consideration for it, are not material to our present inquiry, and it is enough to say that the selling corporation received on the sale 1,500,-000 of the 2,500,000 shares of the capital stock of the purchasing corporation.

Following the sale of its mining properties, the corporation continued to maintain its principal place of business, and to keep its books and records at the city of Seattle, until the year 1921. Sometime during that year, it closed its offices at Seattle and removed its records to New York City, in the state of New York, thereafter conducting all of its business from that place.

In April, 1923, the relator in this proceeding, alleging himself to be a stockholder in and a creditor of the original corporation, brought an action in the superior court of King county against that corporation, seeking to require it to account for the stock, and the proceeds

of the stock, it had received as a consideration from the sale of its corporate property, to distribute the property among its stockholders, and to wind up its affairs and dissolve as a corporation.

After the commencement of the action, the relator applied to the court in which the action was pending for an order requiring the corporation to return to Seattle all of its records, enumerated as its "books of account; vouchers; stock books; stock ledgers and stock transfer records; stock registration books; cancelled checks; subscription and payment for treasury stock and gold bonds sold, and all books relating to the sale, transfer and delivery of gold bonds mentioned in the complaint; and all books and vouchers, checks and cancelled checks relating to the expense of maintaining defendant's office in New York; the books showing the payment of salaries to Godfrey and Warner, and any other expenses in connection with maintaining said office in New York and in Seattle for the various years from 1907 to the present, and during the years in which the said Godfrey was president and Warner was secretary-treasurer of defendant corporation to this date; and particularly the books and vouchers showing the salary paid Godfrey as president and Warner as secretary-treasurer since July 9, 1919, the date of the resolution showing the corporation to be dissolved."

The motion was heard by the court, after notice to the corporation, and the following order entered:

"Now, Therefore, it is hereby ordered that said plaintiff have the right to inspect and examine the stock book and the minutes of the meetings of the stockholders and of the board of trustees of said defendant corporation; that for the purpose of such inspection and examination of said books, said defendant be and it is hereby required, within a reasonable time, to produce and have its said stock book and its said minutes

at a place in the City of Seattle, State of Washington, to be designated by defendant, where said stock books and minutes may be examined by the plaintiff, during ordinary business hours, for such time as may be reasonably necessary to make such examination, after notice to plaintiff that said book and minutes are in said City of Seattle for such examination and the place where the same may be examined.

"It is further hereby ordered that said defendant give to plaintiff a certified copy of any paper placed on file in the office of the defendant, within a reasonable time after demand in writing for such copy, which demand must specifically designate such paper with sufficient definiteness to enable defendant to identify and make a copy of the same.

"Except as herein provided, the said motion of plaintiff is in all things denied."

The relator, by the proceeding before us, seeks a review of the order.

At the threshold of the case we are met by a motion of the respondent to quash the proceedings. This motion we feel compelled to grant. If the order is construed to be interlocutory, then it can be reviewed only on an appeal from the final judgment in the cause. *State ex rel. Seattle General Contract Co. v. Superior Court,* 56 Wash. 649, 106 Pac. 150, 28 L. R. A. (N. S.) 516. If, on the other hand, the order can be construed as a final order in an independent proceeding, then it is reviewable by a direct appeal and a writ of review will not lie. Rem. Comp. Stat., §§ 1002, 1716 [P. C. §§ 7418, 7290].

It is true we have not construed literally the first of the cited sections from the code. We have held that, notwithstanding its seeming language is that the writ will lie only where there is no appeal, we will grant the writ if the remedy by appeal is not adequate—if, for instance, its procedure so far delays the hearing as to render moot any judgment this court could render

in the cause. But this consideration is not here present. No substantial reason is shown why the judgment of this court, on an appeal from the order, would not as well avail the applicant as would a judgment entered on a writ of review.

The motion is granted.

TOLMAN, C. J., PARKER, MACKINTOSH, MAIN, and BRIDGES, JJ., concur.