[No. 23600. Department Two. April 4, 1932.]

THE STATE OF WASHINGTON, *on the Relation of Dora H. Clark, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Kazis Kay, Judge, Respondent.*[1]

G. E. M. Pratt, for relator.

*Mifflin & Mifflin* and *S. C. Milligan*, for respondent.

[1]Reported in 10 P. (2d) 233.

HOLCOMB, J.—An alternative writ of review was granted in this case directed to the trial judge of the lower court, returnable on a certain day, and on the return day a qualified order of review was granted, continuing in force the alternative writ until a day set, without prejudice to any and all defenses that might be interposed by respondent. A motion to quash had been made, and was renewed on the hearing of the matter on the day set therefor, and is still pending.

From the record before us, it appears that, on November 7, 1931, relator filed in the superior court a good and sufficient complaint under Rem. Comp. Stat., § 1110, and *State ex rel. Southern Alaska Canning Co. v. Superior Court*, 128 Wash. 100, 222 Pac. 203, for the transfer to the superior court of a chattel mortgage foreclosure which had been instituted by sheriff's notice of sale of chattels mortgaged by relator to one Kraft, which sheriff's sale was to take place on November 9, 1931, at 9:30 a. m.

Allegations were made apparently entitling relator to contest the amount claimed to be due under the chattel mortgage, and praying that the foreclosure proceedings be transferred to the superior court.

Upon the presentation of this complaint the lower court, by Hall, J., made an order that Kraft and the sheriff of King county be enjoined from proceeding with the sale of the property until the further order of the court, and that they and each of them show cause on a day appointed, if any they had, why the restraining order should not be granted as prayed and the cause transferred to the superior court for further proceedings. On November 20, 1931, relator filed an amended complaint restating, with some additions, the allegations of the original complaint and praying for the same relief. Before Kay, J., on November 12,

1931, the day appointed for the hearing of the show cause order, plaintiff appeared by her attorney, defendants appeared by their attorney, and the court, after hearing the parties and the argument of counsel, found:

"That no tender of any sum was made to the defendants prior to the commencement of this action, nor brought into court, and that the principal amount loaned, according to the allegation of plaintiff, was the sum of $500.

"Now, THEREFORE, IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED that the certain order to show cause herein issued to defendants, ex parte, be and the same is dissolved and not made permanent unless the above named plaintiff shall within 20 days from date hereof, tender and pay into the registry of this court the sum of $500, together with interest thereon at the rate of 12% per annum from the 28th day of May, 1931, until paid."

A copy of this order was received by the attorney for plaintiff on November 30, 1931, and an order requested by him was refused to the effect that the foreclosure be transferred to the superior court and the temporary restraining order made permanent until the further order of the court. The order above quoted was signed by the judge on December 3, 1931, and filed December 4, 1931, after a correction of an obvious typographical error had been made correcting the date of the commencement of interest from October, 1931, to May 28, 1931. This last date was also alleged in the amended complaint of relator as the date of the note, contract and chattel mortgage.

The alternative writ of review was sued out in this court on December 21, 1931.

The order under review probably indicates error on the part of the trial court (*State ex rel. Simp-*

son v. Smith, 102 Wash. 574, 173 Pac. 428, and State v. Pearl, 163 Wash. 268, 1 P. (2d) 315), but it is not error wholly in excess of the jurisdiction of the superior court or a "void proceeding," so as to furnish grounds for relief under Rem. Comp. Stat., § 1002. Unquestionably, it is not a final judgment. It is no more than an interlocutory order which would be reviewable on an appeal from a final judgment.

As was said in the Simpson case, supra:

"In cases of this sort, a writ of review is only another form of appeal, and a limitation upon the one is equally a limitation upon the other."

It is clear that relator did not move against the order complained of within fifteen days, either by appeal under the fifteen day provision of Rem. Comp. Stat., § 1718, or Rule of Practice X [Rem. 1927 Sup., § 308-10], or this proceeding.

We have uniformly held, under the statute, and the rules of this court above cited make no change in that respect, that, where the remedy by appeal would not be adequate, or where no appeal is provided, an application for a writ of review must be made at least within the time for appeal. State ex rel. Tumwater Power & Water Co. v. Superior Court, 56 Wash. 287, 105 Pac. 815; State ex rel. Jakubowski v. Superior Court, 84 Wash. 663, 147 Pac. 408; State ex rel. Neal v. Kauffman, 86 Wash. 172, 149 Pac. 656; State ex rel. Robinson v. Superior Court, 134 Wash. 90, 234 Pac. 1017.

There is no valid showing here that an appeal would not be an adequate and speedy remedy. Since no final judgment has been entered, relator still has an adequate remedy by appeal to have the questions sought to be determined on the merits of the controversy decided thereon.

We feel compelled to conclude that the writ of review

was not sought in time by relator, and the motion to quash must be granted.

The writ is quashed.

TOLMAN, C. J., MILLARD, MAIN, and BEALS, JJ., concur.