[No. 24007. Department One. July 21, 1932.]

DORA H. CLARK, *Appellant,* v. L. H. KRAFT *et al., Respondents.*[1]

*Pratt & Ritchie,* for appellant.
*Mifflin & Mifflin,* for respondents.

[1]Reported in 13 P. (2d) 7.

HERMAN, J.—L. H. Kraft and Jane Doe Kraft, his wife, and Claude G. Bannick, sheriff of King county, Washington, began the foreclosure of a chattel mortgage by notice of sale of mortgaged chattels belonging to Dora H. Clark, a widow. In *State ex rel. Clark v. Superior Court,* 167 Wash. 481, 10 P. (2d) 233, the court, when discussing a prior phase of the controversy between the parties hereto, used the following language:

"From the record before us, it appears that, on November 7, 1931, relator filed in the superior court a good and sufficient complaint under Rem. Comp. Stat., § 1110, and *State ex rel. Southern Alaska Canning Co. v. Superior Court,* 128 Wash. 100, 222 Pac. 203, for the transfer to the superior court of a chattel mortgage foreclosure which had been instituted by sheriff's notice of sale of chattels mortgaged by relator to one Kraft, which sheriff's sale was to take place on November 9, 1931, at 9:30 a. m.

"Allegations were made apparently entitling relator to contest the amount claimed to be due under the chattel mortgage, and praying that the foreclosure proceedings be transferred to the superior court.

"Upon the presentation of this complaint the lower court, by Hall, J., made an order that Kraft and the sheriff of King county be enjoined from proceeding with the sale of the property until the further order of the court, and that they and each of them show cause on a day appointed, if any they had, why the restraining order should not be granted as prayed and the cause transferred to the superior court for further proceedings. On November 20, 1931, relator filed an amended complaint restating, with some additions, the allegations of the original complaint and praying for the same relief. Before Kay, J., on November 12, 1931, the day appointed for the hearing of the show cause order, plaintiff appeared by her attorney, defendants appeared by their attorney, and the court, after hearing the parties and the argument of counsel, found:

" 'That no tender of any sum was made to the defendants prior to the commencement of this action, nor

brought into court, and that the principal amount loaned, according to the allegation of plaintiff, was the sum of $500.

" 'Now, THEREFORE, IT IS HEREBY CONSIDERED, ORDERED AND ADJUDGED that the certain order to show cause herein issued to defendants, *ex parte*, be and the same is dissolved and not made permanent unless the above named plaintiff shall within 20 days from date hereof, tender and pay into the registry of this court the sum of $500, together with interest thereon at the rate of 12% per annum from the 28th day of May, 1931, until paid.' "

In the case above mentioned, sometime after the foregoing order, an alternative writ of review was sued out. That matter came before the court on a motion to quash the writ of review. After a consideration of the record, the court said:

"We feel compelled to conclude that the writ of review was not sought in time by relator, and the motion to quash must be granted."

The case at bar presents the question whether a temporary restraining order issued by this court against L. H. Kraft, Jane Doe Kraft, his wife, and Claude G. Bannick, sheriff of King county, enjoining them from proceeding with the sale of the mortgaged chattels now advertised for sale, should be made permanent. After the decision of the court in *State ex rel. Clark v. Superior Court, supra,* the trial court, May 13, 1932, entered an order which, omitting the title, designation, statement of the time and place of signing and the signature of Judge Kay, was as follows:

"BE IT REMEMBERED, that on this day the above entitled matter came duly and regularly on for hearing, defendants appearing by their attorneys, Mifflin & Mifflin; and it appearing to the court that heretofore, and on the 3rd day of December, 1931, an order was entered herein requiring the plaintiff to tender and pay into the registry of this court the sum of $500 with

interest thereon at rate of 12% per annum from May 28th, 1931, until paid, within thirty days from date thereof, and that said plaintiff has wholly failed and neglected so to do, but prosecuted a *certiorari* proceeding from said order to the supreme court of the state of Washington, which has now been determined and remittitur from said supreme court being filed herein; and it now appearing that defendants are entitled to a dismissal of this action as hereinafter granted, now, therefore, on motion of the defendants by their attorneys, Mifflin & Mifflin,

"It is hereby considered, ordered and adjudged that the above entitled action and the complaint of the plaintiff be and the same is hereby dismissed with prejudice and with costs in favor of the defendants, to which plaintiff excepts and exceptions are allowed."

May 25, 1932, Judge Kay entered an order fixing "one hundred dollars as the amount of supersedeas bond to be furnished by plaintiff in the above entitled action on appeal to the supreme court." Thereafter, Judge Kay signed a supplementary order which, omitting the title, designation, statement of the time and place of signing and the signature of the trial judge, was as follows:

"BE IT REMEMBERED, that on this day the above entitled matter came duly and regularly on for hearing upon the motion of the defendants to vacate and correct the certain order of date May 25th, 1932, herein entered fixing amount of supersedeas bond on appeal herein; plaintiff appearing by her attorney, G. E. M. Pratt, and the defendants appearing by their attorneys, Mifflin & Mifflin; and the court hearing argument of counsel and finding that at the time of signing said order of May 25th, 1932, it was stated and represented by counsel for plaintiff and understood by all parties that there was nothing to supersede herein other than the judgment for costs entered in favor of defendants and against plaintiff, and that supersedeas would not lie to keep in effect pending appeal the temporary re-

straining order heretofore issued and dissolved; and this court desiring to supplement its order of May 25th, 1932, so as to speak the truth and correctly to describe the order made on said date; now, therefore,

"It is hereby considered, ordered and adjudged, that the order of May 25th, 1932, fixing supersedeas bond herein, be and the same is hereby supplemented so as to state and declare and the same does hereby state and declare that the only thing subject to supersedeas herein and the only thing which was superseded by said order of May 25th, 1932, was the judgment for costs herein entered in favor of defendants and against plaintiff; that it is not intended by said order fixing supersedeas to maintain or to attempt to keep in force pending appeal the restraining order heretofore issued; that in all other respects the order of May 25, 1932, remains in effect."

The record discloses that Dora H. Clark delivered to L. H. Kraft a note for five hundred dollars, secured by a chattel mortgage on her houseboat and furniture. After default in the monthly payments provided for by the note, Kraft declared the note and mortgage due, and proceeded to have Sheriff Bannick by notice of sale foreclose the chattel mortgage. Dora H. Clark, who will hereafter be referred to as the appellant, filed a complaint in the superior court, alleging that she had the defense of usury to the note and mortgage in question, and asking that the foreclosure be transferred to the superior court.

Rem. Comp. Stat., § 1110, provides:

"The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any person interested in so doing, and the proceedings may be transferred to the superior court, for which purpose an injunction may issue if necessary."

Judge Hall of the superior court issued a restraining order enjoining Mr. and Mrs. Kraft and Sheriff Bannick, hereafter referred to as the respond-

ents, from proceeding with the sale of appellant's property, and transferred the proceedings to the superior court. Thereafter, Judge Kay made the order referred to in the case of *State ex rel. Clark v. Superior Court, supra,* wherein he provided that the order restraining respondents be dissolved and not made permanent, unless appellant should pay into court within twenty days from the date of the order, five hundred dollars, with interest at the rate of twelve per cent per annum until paid. This order simply provided, in effect,. that the rights vouchsafed appellant by Rem. Comp. Stat., § 1110, should be denied her unless she paid into court five hundred dollars and interest.

Because the writ of review of the foregoing order was not sought in time by the present appellant, the court, as before stated, granted the motion to quash the writ of review. After the filing of the remittitur from the aforementioned case, the trial court entered a final judgment, bearing date May 13, 1932. As heretofore noted, this judgment provides "that the above entitled action and the complaint of the plaintiff be and the same is hereby dismissed with prejudice and with costs in favor of the defendant."

It now appears on the face of the record that appellant has never been accorded the opportunity of contesting either the right of the mortgagee to foreclose or the amount due, in accordance with the provisions of Rem. Comp. Stat., § 1110. In *State ex rel. Southern Alaska Canning Co. v. Superior Court,* 128 Wash. 100, 222 Pac. 203, the court said:

"It is our opinion that, where a foreclosure by notice and sale has been transferred to the superior court, it is the privilege of that court to issue an order restraining the sheriff from further proceeding under the notice and sale procedure, and its duty to so do if it appear that without such order the sheriff will continue his foreclosure proceedings, and that such order

or injunction need not be conditioned upon the mortgagor's giving a bond to support the injunction. . . . When transferred, the provision of the statute permitting foreclosure by notice and sale necessarily ceases to be operative and is superseded and the foreclosure must be by a proceeding in court. After the transfer, the 'foreclosure is one in court instead of one by notice and sale.' *Hanlin v. Parsons,* 33 Iowa 207. When the court takes jurisdiction it will not permit any interference therewith. . . . If the sheriff may proceed with his foreclosure while the matter is pending in court, the action of the latter may be entirely nullified by proceedings instituted through the sheriff being consummated before any judgment is given in court. . . .

"The order of the court restraining the sheriff is in aid of its jurisdiction and is to prevent acts by the sheriff which will interfere with any final decree it may make."

In the case now before us, notice had been given by Sheriff Bannick that he would sell the mortgaged property May 31, 1932. A temporary restraining order was issued by this court May 28, 1932. The reasoning of the court in *State ex rel. Southern Alaska Canning Co. v. Superior Court, supra,* applies to the case at bar. The court has power to grant a restraining order in aid of its appellate jurisdiction. It will not countenance the possibility of the appeal being nullified "by proceedings instituted through the sheriff being consummated before any judgment is given in court."

The temporary restraining order heretofore issued, restraining respondents from selling the mortgaged property, is hereby continued in force until the final disposition of the appeal.

Tolman, C. J., Mitchell, Parker, and Steinert, JJ., concur.