[No. 24007. *En Banc.* July 19, 1933.]

DORA H. CLARK, *Appellant,* v. L. H. KRAFT *et al.,* *Respondents.*[1]

[1]Reported in 24 P. (2d) 74.

*G. E. M. Pratt, E. E. Ritchie,* and *Charles C. Ralls,* for appellant.

*Mifflin & Mifflin,* for respondents.

BEALS, C. J.—This controversy involves the foreclosure of a chattel mortgage, two phases of the case having already been determined by this court. *State ex rel. Clark v. Superior Court,* 167 Wash. 481, 10 P. (2d) 233, and *Clark v. Kraft,* 169 Wash. 49, 13 P. (2d) 7.

L. H. Kraft, holding the promissory note of plaintiff, Dora H. Clark, secured by a chattel mortgage, sought foreclosure of the mortgage by notice and sale as provided by Rem. Rev. Stat., § 1104 *et seq.,* causing the sheriff of King county to proceed in accordance with that statute. Mrs. Clark then filed her complaint in the superior court, making Mr. and Mrs. Kraft and the sheriff parties defendant, pleading usury as a defense to the foreclosure, and praying that the proceedings be transferred to the superior court as provided by Rem. Rev. Stat., § 1110. The foreclosure was accordingly regularly transferred to the superior court, and resulted in the entry of the following order:

"BE IT REMEMBERED that on this day the above entitled matter came duly and regularly on for hearing, defendants appearing by their attorneys, Mifflin & Mifflin; and it appearing to the court that heretofore, and on the 3d day of December, 1931, an order was entered herein requiring the plaintiff to tender and pay into the registry of this court the sum of $500 with interest thereon at rate of 12% per annum from May 28, 1931, until paid, within thirty days from date thereof, and that said plaintiff has wholly failed and

neglected so to do, but prosecuted a certiorari proceeding from said order to the supreme court of the state of Washington, which has now been determined and remittitur from said supreme court being filed herein; and it now appearing that defendants are entitled to a dismissal of this action as hereinafter granted, Now, THEREFORE, on motion of the defendants by their attorneys, Mifflin & Mifflin,

"IT IS HEREBY CONSIDERED, ORDERED and ADJUDGED: "That the above entitled action and the complaint of the plaintiff be and the same is hereby dismissed with prejudice and with costs in favor of the defendants, to which plaintiff excepts and exceptions are allowed.

"Done in open Court this 13th day of May, 1932.
"KAZIS KAY, Judge;"

from which order plaintiff appeals.

A proposed statement of facts (proposed by respondents) was filed in the office of the clerk of the superior court July 27, 1932, and was certified by the court the same day. Appellant moves to strike this statement of facts on the ground that the same was not filed within the time limited by law. The proposed statement was filed well within the ninety-day period, and the motion to strike the same is denied.

 The foreclosure proceedings having been transferred to the superior court pursuant to appellant's complaint regularly filed therein, that court acquired jurisdiction of the case, and should have proceeded therewith to a complete determination of the controversy, either by decree of foreclosure in whole or in part, or by a decree in appellant's favor, as the evidence might warrant. The action should not have been dismissed and the mortgage relegated to the sheriff for foreclosure. Whether or not appellant is in a position to assign error upon this phase of the matter, need not be discussed.

564

Respondents rely upon the statement of facts as opposed to the recitals in the order dismissing the proceeding, the statement consisting not of evidence formally introduced, but of remarks made by counsel for the respective parties (prepared after the event from memory), appellant being at this hearing represented by counsel other than those who have represented her before this court. It appears from the statement that respondents' counsel moved "for a dismissal of the action and of the amended complaint of plaintiff," and that "the court thereupon granted the dismissal of the action and amended complaint, exception to plaintiff."

The action as pending before the superior court was for the foreclosure of the chattel mortgage, and it might conceivably be urged that the order of the superior court dismissing the action effectually terminated such foreclosure. Considering the order, however, merely as terminating appellant's right to resist the foreclosure, we hold that the superior court thereby attempted to deny appellant any relief for the reason that appellant had not complied with the prior order of the court requiring her to tender and pay into the registry of the court the sum of five hundred dollars with interest at twelve per cent per annum, being evidently the face of appellant's note which respondent Kraft was seeking to foreclose.

Under the very peculiar state of the record before us, we can not consider the order of dismissal appealed from as aided in any respect by the statement of facts.

No authority whatsoever appearing for the order of the trial court requiring appellant to tender into court in cash the amount called for by appellant's promissory note in favor of respondent Kraft, it must be held that the order appealed from was improvidently and erroneously entered, and the same is hereby re-

versed, with instructions to the superior court to proceed with the trial of the chattel mortgage foreclosure pending before it.

MAIN, TOLMAN, HOLCOMB, STEINERT, MITCHELL, and BLAKE, JJ., concur.

MILLARD, J. (dissenting)—I do not agree that, by its order, the court "attempted to deny appellant any relief for the reason that appellant had not complied with the prior order of the court requiring her to tender and pay into the registry of the court" an amount equal to the face of the note plus twelve per centum per annum. The statement of facts discloses that prior counsel for appellant elected not to introduce evidence in support of his complaint when convinced by his investigation the defense of usury could not be sustained; and that he acquiesced when motion for dismissal was made. The appellant is bound by the acts of her attorney.