[No. 25228. Department One. September 19, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Winifred M. Barry et al., Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, *Respondent.*[1]

*George F. Hannan,* for petitioners.

*Henry S. Noon,* for respondent.

[1]Reported in 35 P. (2d) 1095.

56

MITCHELL, J.—This is an original application for a writ of certiorari. In response to a show cause order, the respondent demurs to the petition and has filed a motion to quash, for the reason, among others, that there is a plain, speedy and adequate remedy by appeal, and "without waiving demurrer to and motion to quash," has filed a return as though a writ had issued.

It appears that Mary J. Williams died testate on March 28, 1934, in King county, leaving property in that county. She left no direct descendant, but was survived by her husband, Asa D. Williams, and certain brothers, sisters and nieces, to each of which survivors she willed a portion of her estate. The sole executor named in the will refused to act, and within forty days, under Rem. Rev. Stat., §§ 1417 and 1431 [P. C. §§ 9933, 9947], the surviving husband requested in writing the appointment of Henry S. Noon as administrator with the will annexed. One of the surviving sisters petitioned for the appointment of another sister as administratrix with the will annexed. Both petitions were heard at the same time. The will was admitted and Noon appointed administrator, the order being dated June 5, 1934. Noon duly qualified by filing his oath of office and official bond on June 6, 1934.

The losing party in the superior court filed a written instrument denominated "Petition to Revoke Letters of Administrator." The petition, we think, should be treated as a motion for a new trial; indeed, relators in the proceedings in this court so consider it. The record does not show when it was filed, nor that it was ever served, but, be that as it may, the motion was denied and an order to that effect entered on June 19, 1934, all parties being present at the time of the hearing and when the order was entered. Thereupon, the attorney for the losing heirs dropped out of the case; at least, their present sole attorney first ap-

peared for them in the present proceeding, which was instituted in this court on July 19, 1934—forty-four days after the order appointing the administrator was entered.

■ The diligence necessary to maintain this kind of action was not exercised in this case, though, as already shown, present counsel for relators is not to blame. The appointment of an administrator is a final order from which an appeal lies. *State ex rel. Kempf v. Superior Court*, 151 Wash. 289, 275 Pac. 694; *In re St. Martin's Estate*, 175 Wash. 285, 27 P. (2d) 326.

Rule of Practice X, effective April 1, 1931, provides:

"In civil actions and proceedings an appeal from any final judgment must be taken within thirty days after the day of the entry of such final judgment." Rem. Rev. Stat. § 308-10 [P. C. § 8676-13].

■ Whatever may have been said in some of the earlier cases in settling the practice in certiorari proceedings, in the absence of a statute regulating the same, the rule as to the diligence required has heretofore become established, as stated in *State ex rel. Clark v. Superior Court*, 167 Wash. 481, 10 P. (2d) 233, as follows:

"We have uniformly held, under the statute, and the rules of this court above cited make no change in that respect, that, where the remedy by appeal would not be adequate, or where no appeal is provided, an application for a writ of review must be made at least within the time for appeal. *State ex rel. Tumwater Power & Water Co. v. Superior Court*, 56 Wash. 287, 105 Pac. 815; *State ex rel. Jakubowski v. Superior Court*, 84 Wash. 663, 147 Pac. 408; *State ex rel. Neal v. Kauffman*, 86 Wash. 172, 149 Pac. 656; *State ex rel. Robinson v. Superior Court*, 134 Wash. 90, 234 Pac. 1017."

■ The motion for a new trial in this case was wholly ineffectual to prevent the running of time

within which certiorari proceedings should be commenced, if such remedy were otherwise proper. The proceeding in the superior court was in the nature of an equitable proceeding, and the motion made was in no way or manner necessary to an appeal or other appellate review of the order appointing the administrator. In the case of *Howland v. Day,* 125 Wash. 480, 216 Pac. 864, we said:

"A motion for a new trial is never necessary in an equitable proceeding, or in a case tried to the court without a jury, except in cases of discovery of new material testimony which may change the result, and in some other exceptional cases."

There was nothing of that kind in the motion for a new trial in this case. The motion, consisting of a single instrument, was in the form of both a motion and affidavit, signed by the then attorney for the heirs, having for its avowed purpose the correction of a mistake made by the attorney in speaking to the court at the hearing for the appointment of an administrator, the attorney's mistake having reference only to a date involved in the hearing. The date in question already appeared clearly and correctly in the pleadings and files before the court, and no one was confused about it other than the attorney himself; and the order to which the nominal motion for a new trial was directed was entirely consistent with that date. Under the circumstances, the motion may be termed frivolous, and as such not to be considered as affecting the time within which other proceedings should be taken.

■ The statutes and our practice provide for an appeal in preference to certiorari, unless appeal is not plain, speedy and adequate, *and* if certiorari is diligently sought. The procedure by appeal is conducive to better written arguments, both as to form and contents, for use in this court, and at the same time pre-

serves to an adversary the benefit, protection and advantage of an appeal bond—a security not provided for in certiorari proceedings.

These considerations should not be lightly cast aside in favor of one who, insisting upon what he claims to be the need for a speedy remedy, will not himself act with the established standard of diligence.

The case nearest in point, though quite different after all, cited and relied on by relators, is *State ex rel. Daigneault v. Superior Court,* 124 Wash. 90, 213 Pac. 677. The record in that case shows that the will of H. H. Daigneault was admitted and one Robinson was appointed as executor on January 2, 1923. On January 15, 1923, the widow petitioned to have the appointment revoked, alleging that she had no notice of probating the will, and in her petition represented to the court for the first time that all the property in the estate was community property, as to which, under the statute (now Rem. Rev. Stat., § 1419 [P. C. § 9935].), she had the first right of appointment, notwithstanding the terms of the will designating another as executor. The petition to revoke the appointment was necessary in the protection of her preference right to administer the estate, as she had been given no notice of the hearing at which the appointment of Robinson was made, nor had she appeared in the cause.

Her petition was heard and denied on January 30, 1923. *On the next day, January 31, 1923,* she filed in this court her notice of application for a writ of certiorari, setting up a transcript or the substance of the testimony given at the hearing in the superior court on her petition to revoke the appointment of Robinson as executor, showing under her petition in that court that she was a resident of this state, though temporarily absent at the time the will was admitted and Robinson appointed; that she was the surviving spouse

of the decedent; that all of the property of the estate was community property, and that she had no notice of the former hearing. So that it appeared in that case that the relator who sought a speedy remedy acted diligently by commencing proceedings in this court the next day after the final order against her, wherein the trial court denied her petition to vacate and set aside an order or judgment appointing an administrator contrary to her statutory right. That case, according to the principle of diligence, which is one of the tests in such cases, was wholly and essentially different from the present one.

We do not feel justified in weakening or departing from the rule requiring diligence in these matters, as the same has been established by the uniform practice heretofore, so as to include such a case as the present one.

The writ applied for will be denied, and the proceedings in this court will be dismissed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.